DANIEL G. BOGDEN
United States Attorney
STEVEN W. MYHRE
First Assistant United States Attorney
JAMES E. KELLER
Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, Nevada 89501

```
            FILED         ____ RECEIVED
            ENTERED       ____ SERVED ON
                          COUNSEL/PARTIES OF RECORD

                  JAN 27 2016

              CLERK US DISTRICT COURT
                DISTRICT OF NEVADA
        BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DELMAR L. HARDY,<br><br>    Defendant. | **CRIMINAL INDICTMENT**<br><br>**3:16-CR-0006-MMD-VPC**<br><br>**VIOLATIONS:**<br><br>18 U.S.C. § 371 – Conspiracy (Count One)<br><br>26 U.S.C. § 7206(1) – False Tax Returns (Counts Two Through Four)<br><br>26 U.S.C. § 7212(a) – Corruptly Obstructing or Impeding Due Administration of the Internal Revenue Laws (Count Five)<br><br>18 U.S.C. § 2 – Aiding and Abetting (Counts Two through Five) |

The Grand Jury charges that all times relevant to this Indictment:

## BACKGROUND

1.  Defendant Delmar L. **HARDY** was an individual who resided in the State and Federal District of Nevada where he practiced law as a duly licensed attorney.

2.  A.S. was an individual who resided in the State and Federal District of Nevada and was a client and business associate of **HARDY**.

1

3. XYZ Real Estate, LLC (hereinafter "XYZ") was a limited liability corporation, formed or incorporated under the laws of the State of Nevada. **HARDY** and A.S. were the real parties in interest in XYZ.

4. To create a means to detect fraud or other criminal activity, federal law required a federally insured bank to create a report of any cash or money orders deposited or withdrawn in amounts more than $10,000, through a document called a currency transaction report ("CTR").

5. Structuring occurred when an individual knowingly purchased money orders in amounts calculated to avoid required filings of funds transaction reports by the domestic financial institution under federal law.

6. Structuring occurred when an individual knowingly made deposits or withdrawals from accounts held by federally insured banks, for the purpose evading, or causing the bank to avoid the CTR reporting requirement of federal law.

7. It was a violation of federal law to knowingly structure the purchase of money orders from a domestic financial institution, and to knowingly structure the deposits of cash and money orders into a federally insured bank.

## THE SCHEME AND ARTIFICE TO DEFRAUD

8. It was part of the scheme and artifice that **HARDY** and A.S. concealed, and attempted to conceal, the true source of XYZ's funds by purchasing structured money orders from domestic financial institutions, and by making structured deposits of A.S.'s cash into XYZ accounts so as to avoid the currency transaction reporting requirements of the financial institutions.

9. It was further a part of the scheme and artifice that **HARDY** made such other false, fraudulent, deceptive, and deceitful representations as necessary to advance the fraudulent scheme, conceal his fraudulent activities from others, avoid detection, enrich himself, and cause loss to others.

## COUNT ONE
Conspiracy
Title 18, United States Code, Section 371

10. The allegations set forth in paragraphs 1 through 9 are incorporated herein in full.

11. From in or about July 2009, to in or about January 2012, in the District of Nevada,

**DELMAR L. HARDY,**

the defendant herein, did conspire, confederate and agree with A.S., and with others known and unknown to the Grand Jury, to commit an offense against the United States; namely, Structuring Financial Transactions, in violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(2).

12. The objects of the conspiracy were to conceal from banks and creditors, the true source of funds and the identity of assets, by knowingly structuring the purchase of money orders from domestic financial institutions, and by knowingly depositing cash and money orders in accounts held by federally insured banks.

13. In furtherance of the conspiracy, and to effect the objects thereof, **HARDY** and others working with him, performed the following overt acts:

a. From or about August 2009 to January 2012, **HARDY** maintained bank accounts ending in 6166 and 2755 at a financial institution in the name of XYZ;

b. From on or about July 30, 2009, to January 5, 2012, A.S. delivered to **HARDY** numerous money orders and cashier checks purchased in structured amounts; that is, each money order under $3000, and each cashier check in an amount of $10,000 or less, which **HARDY** deposited, or caused to be deposited, into XYZ accounts;

c. From on or about July 30, 2009, to January 5, 2012, A.S. delivered cash and money orders to **HARDY**, which **HARDY** knowingly deposited, or caused to be deposited, into XYZ accounts in amounts of $10,000 or less for the purpose of avoiding and evading CTR reporting requirements; and

d. Such other acts to advance the objects and purposes of the conspiracy.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
False Tax Return
(Title 26, United States Code, Section 7206(1))

13. On or about February 12, 2010, in the State and Federal District of Nevada, and elsewhere,

**DELMAR L. HARDY,**

the defendant herein, a resident of Reno, Nevada, did willfully make and subscribe and did willfully aid, abet, assist, and cause to be so made and subscribed, a United States

Individual Income Tax Return, Form 1040, with Schedules C and E thereto, for tax year 2008 (the "2008 Hardy tax return"), verified by a written declaration that it was made under penalties of perjury, and which **HARDY** did not believe to be true and correct as to every material matter. The 2008 Hardy tax return, prepared and signed in the District of Nevada and filed with the Internal Revenue Service, stated that:

    a.    **HARDY's** business income was a loss of $55,535, when, as he then and there knew, his business income was substantially greater than a loss of $55,535.

    b.    **HARDY's** adjusted gross income was a loss of $56,736, when, as he then and there knew, his adjusted gross income was substantially greater than a loss of $56,736.

14. On or about February 12, 2010, **HARDY** filed, and caused to be filed, with the Internal Revenue Service, the 2008 Hardy tax return containing the foregoing statements.

All in violation of Title 26, United States Code, Section 7206(1); and Title 18, United States Code, Section 2.

## COUNT THREE
False Tax Return
(Title 26, United States Code, Section 7206(1))

15. On or about June 20, 2011, in the District of Nevada, and elsewhere,

**DELMAR L. HARDY,**

the defendant herein, a resident of Reno, Nevada, did willfully make and subscribe and did willfully aid, abet, assist, and cause to be so made and subscribed a United States Individual Income Tax Return, Form 1040, with Schedules C and E thereto, for tax year

2009 (the "2009 Hardy tax return"), verified by a written declaration that it was made under penalties of perjury, and which **HARDY** did not believe to be true and correct as to every material matter. The 2009 Hardy tax return, prepared and signed in the District of Nevada and filed with the Internal Revenue Service, stated that:

    a.     **HARDY's** business income was $30,094, when, as he then and there knew, his business income was substantially greater than $30,094.

    b.     **HARDY's** adjusted gross income was ($52,003), when, as he then and there knew, his adjusted gross income was substantially greater than ($52,003).

    c.     **HARDY's** taxable income was $0, when, as he then and there knew, his taxable income was substantially more than $0.

    d.     **HARDY's** total tax was $4,252, when, as he then and there knew, his total tax was substantially more than $4,252.

    e.     All rental income and expenses incurred by XYZ Real Estate LLC ("XYZ") in tax year 2009 were reported by **HARDY,** whereas, as he then and there knew, half of the rental income and expenses incurred by XYZ should have been reported by A.S.

16.     On or about July 15, 2011, **HARDY** filed, and caused to be filed, with the Internal Revenue Service, the 2009 Hardy tax return containing the foregoing statements.

All in violation of Title 26, United States Code, Section 7206(1); and Title 18, United States Code, Section 2.

## COUNT FOUR
### False Tax Return
### (Title 26, United States Code, Section 7206(1))

17.     On or about November 23, 2011, in the District of Nevada, and elsewhere,

## DELMAR L. HARDY,

defendant herein, a resident of Reno, Nevada, did willfully make and subscribe and did willfully aid, abet, assist, and cause to be so made and subscribed, a United States Individual Income Tax Return, Form 1040, with Schedules C and E thereto, for tax year 2010 (the "2010 Hardy tax return"), verified by a written declaration that it was made under penalties of perjury, and which **HARDY** did not believe to be true and correct as to every material matter. The 2010 Hardy tax return, prepared and signed in the District of Nevada and filed with the Internal Revenue Service, stated that:

a. **HARDY's** business income was $12,992, when, as he then and there knew, his business income was substantially greater than $12,992.

b. **HARDY's** adjusted gross income was $9,074, when, as he then and there knew, his adjusted gross income was substantially greater than $9,074.

c. **HARDY's** taxable income was $0, when, as he then and there knew, his taxable income was substantially more than $0.

d. **HARDY's** total tax was $4,647 when, as he then and there knew, his total tax was substantially more than $4,647.

e. All rental income and expenses incurred by XYZ Real Estate, LLC ("XYZ") for tax year 2010 were reported by **HARDY**, whereas, as he

then and there knew, half of the rental income and expenses incurred by XYZ should have been reported by A.S.

18. On or about November 28, 2011, **HARDY** filed and caused to be filed with the Internal Revenue Service the 2010 Hardy tax return containing the foregoing statements.

All in violation of Title 26, United States Code, Sections 7206(1) and Title 18, United States Code, Section 2.

## COUNT FIVE
Corruptly Obstructing or Impeding Due Administration of the Internal Revenue Laws
(Title 26, United States Code, Section 7212(a))

19. Beginning on or about December 13, 2010, and to on or about November 28, 2011, in the District of Nevada,

**DELMAR L. HARDY,**

the defendant herein, did corrputly endeavor to obstruct and impede the due administration of the Internal Revenue laws by concealing A.S.'s contributions to, and taxable interests in, XYZ Real Estate LLC ("XYZ"), by executing United States Income Tax Return, Form 1040, for each of tax years 2009 and 2010, showing on Schedule E the rental income and expenses incurred by XYZ as that of **HARDY** for each of those tax years.

All in violation of Title 26, United State Code, Sections 7212(a) and Title 18, United States Code, Section 2.

/ / /

/ / /

/ / /

## FORFEITURE ALLEGATION ONE

20.  Upon a conviction of the offense alleged in Counts One, above, incorporated herein fully by reference,

**DELMAR L. HARDY,**

the defendant herein, shall forfeit to the United States all property, real or personal, involved in the offense and any property traceable thereto, including but not limited to the following described real and personal properties and a personal money judgment in the amount of $574,105 against **HARDY**, pursuant to Title 31, United States Code, Section 5317(c).

a. Real property located at 2233 Kietzke Lane, #H, Reno, Nevada;

b. Real property located at 5090 Tahiti Way, #4, Reno, Nevada;

c. 2357/2355 Yori Avenue, Reno, Nevada;

d. 1230-1232 Virbel Lane, Reno, Nevada;

e. Proceeds from the sale of real property located at 4604 Neil Road, #106, Reno, Nevada, in the approximate amount of $39,500;

f. Proceeds from the sale of real property located at 859 Nutmeg Place, #19, Reno, Nevada, in the approximate amount of $37,000;

g. Proceeds from the sale of real property located at 859 Nutmeg Place, #5, Reno, Nevada, in the approximate amount of $37,000;

h. Proceeds from the sale of real property located at 2215 Yori Avenue, Reno, Nevada, in the approximate amount of $120,000;

i. Proceeds from the sale of real property located at 1920 Wilder Street, Reno, Nevada, in the approximate amount of $142,733;

j.  Proceeds from the sale of real property located at 2510, 2520, 2530, and 2540 Yori Avenue, Reno, Nevada, in the approximate amount of $139,000.

DATED: this 27th day of January, 2016.

**A TRUE BILL:**

/S/
_____
FOREPERSON OF THE GRAND JURY

DANIEL G. BOGDEN
United States Attorney

STEVEN W. MYHRE
JAMES E. KELLER
Assistant United States Attorneys