Leah R. Wigren
Nevada Bar Number 6862
5995 Shadow Park Drive
Reno, NV 89523
775-747-0526
Attorney for Del Hardy

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | 03:16-cr-6-MMD-VPC |
| Plaintiff, | Motion for Bill of Particulars |
| vs. | |
| Delmar Hardy, | |
| Defendant. | |

Certification: This Motion is filed timely.

Pursuant to Federal Rules of Criminal Procedure 7 and 47, and LCR 47-1, Del Hardy, by and through counsel, Leah Wigren, moves the Court for a Bill of Particulars addressing the charges alleged in the Indictment filed in this case on January 27, 2016. This Motion is supported by the following Points and Authorities.

Dated this 14th day of November, 2016

By:   Leah R. Wigren /s/
         Leah R. Wigren
         Counsel for Del Hardy

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On January 27, 2016, a District of Nevada Grand Jury charged Del Hardy by way of Indictment with One Count of Conspiracy, in violation of 18 U.S.C. § 371, three counts of False Tax Returns, in violation of 26 U.S.C. § 7206(1), one count of Corruptly Obstructing or Impeding Due Administration of the Internal Revenue Laws, under 26 U.S.C. § 7212(a), and four counts of aiding and abetting, 18 U.S.C.§ 2.  See generally, Indictment, Dkt. No. 1.

In the ensuring months the Government issued nearly 87,000 pages of discovery.  Despite this disclosure, the nexus between the charges in the Indictment is unclear.  The prosecution appears akin to a tale of two cases.  The tax counts do not seem to cross-over to the conspiracy to structure financial transactions, or the obstructing IRS administration claim.  Hence, this request that the Government produce additional details supporting its prosecution so the defense effectively prepare its case.

## II. LEGAL ANALYSIS

A. <u>Definitions and Laws Governing a Bill of Particulars:</u>

A bill of particulars is a detailed, formal, written statement of charges or claims by a plaintiff or the prosecutor given upon the defendant's formal request to

the court for more detailed information.  BARRON'S LAW DICTIONARY 47 (2nd  Ed. 1984).

A Motion for Bill of Particulars is governed by Federal Rule of Procedure 7(f) which states:

> A defendant may move for a bill of particulars before or within fourteen days after arraignment, or at a later time if the court permits.

The rule allows the Court to require the Government to issue a bill of particulars at any time in the case.  Counsel did not move for a bill of particulars earlier, to avoid burdening the Court and Government with needless motions, until counsel was relatively confident that all  discovery had been disclosed, and had the time to work  through it.  The Government issued an additional 40,000 pages of discovery in June, 2016, and approximately 800 more on November 14, some in response to defense discovery requests.  Counsel is not criticizing this, as the document load is large and discovery disclosures take time.  However, a motion for bill of particulars could not reasonably have been made within fourteen days of the Indictment, as the defense did not posses even close to all of the discovery at that time, and still may not, given past experience with the way the Internal Revenue Service handles its evidence disclosures.  Further, the discovery does not clear-up fundamental issues in the case that directly bear on Mr. Hardy's right to effectively and efficiently prepare a defense for trial.  The time for a bill of particulars has arrived.

The standards governing a request for a bill of particulars are well-settled and based on case law that is decades old. A Motion for Bill of Particulars is appropriate where the accused requires clarification in order to prepare a defense. Will v. United States, 389 U.S. 90, 99 (1967). A bill of particulars is designed to apprise the defendant of specific charges being presented to minimize the danger of surprise at trial, to aid in preparing a defense, and protect against double jeopardy. Clayton v. United States, 441 U.S. 962 (1979). When deciding a motion requesting a bill of particulars, the Court typically asks whether the defendant has been adequately advised of the charges, through the indictment, and all discovery the Government issued.

    B.  Basis for Mr. Hardy's Request for Bill of Particulars:

      1.  Tax Counts:

While the defense being in possession of discovery is an element counseling against a bill of particulars, a compelling reason supporting this Motion is the voluminous discovery, and the uncertainty of what items comprising it the Government will use in its attempt to prove the charges against Mr. Hardy. Counsel acknowledges the defense does not have the right to know exactly what evidence the Government intends to use, and how it will be employed. United States v. Yeargain, 314 F.2d 881, 882 (9th Cir. 1963). However, the countervailing proposition is that one of the rationales of a bill of particulars is to

aid in defense preparation.  Clayton, 441 U.S. at 968.  The function of a bill of particulars is to "inform the defense of the specific occurrences intended to be investigated on the trial and to *limit the course of the evidence to the particular scope of the inquiry*."  BARRON'S, at 47 (emphasis added).  With 87,000 documents, it is an enormous task to sift through the discovery and guess at what evidence the Government will use in an attempt to prove the charges.  A bill of particulars will limit the course of the evidence to the particular scope of the Government's inquiry.

Three of the charges against Mr. Hardy are for filing a false tax claim.  As part of those charges, the language of the Indictment indicates Mr. Hardy is accused of evading taxes due to the United States Treasury.  See Indictment at 4-7.  In tax evasion cases, the Government may use one of several methods of proof.  Each method requires proof of certain facts, and if the defendant is not aware of which method the Government intends to use, of necessity he or she must prepare a defense appropriate to each method of proof.  This leads to wasted time and enormous expense.  United States v. Goldstein, 56 F.R.D. 52, 55 (D. Del. 1972).  The Goldstein defendants, like Mr. Hardy, were charged with filing a false tax claim by not reporting income.  Id. at 56.  There, the court held that if the Government was relying on a theory of omission, it must identify the omissions with specificity.  Id.  Counsel for Mr. Hardy requests the same treatment.  If the

Government is alleging that Mr. Hardy omitted certain information or income from this tax returns at issue, it should set forth those omissions with specificity. This will aid in trial preparation, and avoid surprise at trial.

Under the specific items method, the Government ... produce[s] evidence of the receipt of specific items of reportable income by the defendant that do not appear on an income tax return, or appear in a diminished amount. United States v. Thompson, 518 F.3d 832, 853 (10th Cir. 2008); see also, United States v. Genser, 582 F.2d 292, 295 n.1 (3d Cir. 1978) (noting that under specific items method of proof "it is sufficient to show that contrary to usual practices a defendant received certain payments in cash which were not in turn reported on income tax returns."). The specific items method of proof is a direct method of demonstrating tax evasion.

Additionally, the Government could decide to prosecute this case by using a circumstantial method of proof, employing either the net-worth cash expenditures, or bank deposits methods. See United States v. Manfredi, 628 F.Supp2d 608, 635-38 (W.D. Pa. 2009). In that case, the court found:

> Under the net worth method, the government attempts to establish by circumstantial proof the existence of unreported income by selecting an opening year for which it can reasonably ascertain the defendant's net worth and comparing that amount with a closing year's net worth. Any estimated nondeductible living expenses during that period are added to the closing net worth. The opening net worth is subtracted from the closing net worth to gauge the amount of unreported income the defendant must have had. But the government's burden does not rest there, it must then either

        prove that there is a likely source of the unreported income, or negate all possible nontaxable sources of that income.

Id. at 650, n.20.   If the Government intends to employ this method of proof, counsel requests that the Court require it to proffer what it contends Mr. Hardy's net worth was at the beginning and end of each tax year charged.

      The expenditure theory holds that if, during a given period, the taxpayer's expenditures exceeded the amount of reported income, and net worth at the end of the period is at least the same as it was at the beginning, then it may be concluded that the income tax return shows less income than what was received.  Id. at 650, n.21.

      The bank deposits method attempts to demonstrate unreported income through an analysis of the taxpayer's bank deposits, and is used when the taxpayer's financial records are incomplete or do not accurately reflect income. This method of accounting relies heavily on circumstantial evidence; therefore, the government must be thorough in its development and presentation of the evidence used to demonstrate the presence of unreported income.  Id ; n.21

      In Manfredi, after the defendant filed a Motion for Bill of Particulars, the Government proffered what method it intended to use to prove the tax claims against the defendant.  In Mr. Hardy's case, knowledge of the method the Government intends to use in an attempt to prove its case will aid in defense

preparation by facilitating application and analysis of specific discovery documents to the elements of the charges. 628 F.Supp2d at 637-38. Additionally, <u>Manfredi</u> supports the proposition that the Government proffer details to the Court and defense about how it intends to present its evidence, i.e., in summary form or otherwise, and what evidence it intends to apply to what indicted counts. <u>Id.</u> This is a fair request given the copious documents characterizing Mr. Hardy's case.

Further precedent supports the Court ordering the Government to specify which method it intends to use to prove false tax claim allegations at trial by way of a bill of particulars. See <u>United States v. Bailey</u>, 689 F. Supp. 1463, (N.D. Ill. 1987). In that tax case, the court found that without the method information, "the defendants will waste their valuable time and money preparing a defense to a number of different methods of proof available to the government." <u>Id.</u> at 1474.

    2.    <u>Conspiracy to Structure Financial Transactions Count</u>:

Mr. Hardy requests a bill of particulars for this charge, setting forth the illegal activity alleged against him, given the Indictment appears to allege conduct that is not illegal, as set forth in Mr. Hardy's Motion to Dismiss.

Moreover, the allegations in paragraph nine of the Indictment state, "It was further a part of the scheme and artifice that **HARDY** made such other false, fraudulent, deceptive, and deceitful representations as necessary to advance the fraudulent scheme, conceal his fraudulent activities from others, avoid detection,

enrich himself, and cause loss to others." These vague and broad allegations with no time period, place, or victim alleged, require a bill of particulars to assist in defense preparation and ascertainment of which discovery supports them.

## CONCLUSION

Counsel for Mr. Hardy relies on the foregoing to respectfully request that the Court require the Government to issue a bill of particulars detailing:

1. What method of proof regarding the tax claims it intends to employ during trial;

2. What evidence it intends to offer, in the interest of limiting the evidence to the particular charges;

3. The specific entries or parts of tax returns and schedules for relevant years that are allegedly false;

4. The date, amount, character, and source of income the defendant allegedly received but did not report;

5. In what form it intends to present its evidence, i.e., summary, charts, graphs, etc.; and,

6. What conduct by Mr. Hardy justifies the allegations set forth in paragraph nine of the Indictment, and in Count One.

Respectfully submitted this 14th day of November, 2016

By: <u>Leah R. Wigren /s/</u>
Leah R. Wigren
Counsel for Del Hardy

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 14, 2016, she electronically filed with the District of Nevada this Motion for Bill of Particulars, and that Plaintiff's counsel, James Keller, at <u>James.Keller3@usdoj.gov,</u> is listed in the District of Nevada's electronic case management system as a recipient of all electronic filings in Case Number 3:16-cr-6-MMD-VPC, at the electronic mailing address provided here.

<u>Leah R. Wigren /s/</u>
Leah R. Wigren
Counsel for Del Hardy