Leah R. Wigren
Nevada Bar Number 6862
5995 Shadow Park Drive
Reno, NV 89523
775-747-0526
Attorney for Del Hardy

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | 03:16-cr-6-MMD-VPC |
|---|---|
| Plaintiff, | Motion to Dismiss Indictment for Failure to State an Offense |
| vs. | |
| Del Hardy, | |
| Defendant. | |

Certification: This Motion is filed timely.

Pursuant to Federal Rules of Criminal Procedure 12(b)(3)(B)(v) and 47, and LCR 47-1, Del Hardy, by and through counsel, Leah Wigren, moves this Court to dismiss the Indictment in this case in light of the deficiencies set forth herein. This Motion is based on the accompanying Memorandum of Points and Authorities.

Dated this 14h day of November, 2016

By:  Leah R. Wigren /s/
     Leah R. Wigren
     Counsel for Del Hardy

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Mr. Hardy moves to dismiss the indictment filed against him on January 27, 2016, alleging one count of conspiracy to structure financial transactions, three counts of filing false tax claims, and one count of corruptly impeding due administration of the Internal Revenue laws, on the basis that it fails to state an offense for which he is subject to prosecution.

### II.  LEGAL ANALYSIS

A.  <u>Rules and Law Governing Motion to Dismiss Indictment</u>:

Federal Rule of Criminal Procedure 12(b)(3) provides in part:

*Motions That Must Be Made Before Trial.* The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:

(B) a defect in the indictment or information, including:

(v) failure to state an offense.

Rule 12(b)(3)(B)(v) allows the district court to review the sufficiency of the pleadings on a motion to dismiss alleging a defect in the indictment. In ruling on a motion to dismiss for failure to state an offense, if the four corners of the indictment do not state an offense, it is subject to dismissal. <u>United States v.</u>

Boren, 278 F.3d 911, 914 (9th Cir. 2002).  An indictment either states an offense or it does not.  There is no need for an evidentiary hearing on a motion to dismiss an indictment.  Id. at 914.  See also, United States v. W.R. Grace, 429 F. Supp. 2d 1207, 1237 (D. Mt. 2006)(court cannot consider evidence absent from face of indictment in motion to dismiss for failure to state claim).

  B.  Bases for Motion to Dismiss for Failure to State an Offense

Count One of the Indictment alleging conspiracy to structure financial transactions incorporates by reference paragraphs one through nine of the "Background" portion of the Indictment.  Therefore, the paragraphs of the Background section are part of the allegations comprising the charged offense.

  **1.**  **Averment in Paragraph Four of Background**:

  "To create a means to detect fraud or other criminal activity, federal law required a federally insured bank to create a report of any cash *or money orders* deposited or withdrawn in amounts more than $10,000, through a document called a currency transaction report (CTR).  (Emphasis added).

  **Response to Averment in Paragraph Four:**

The relevant statute and regulations do not require the creation of a CTR for the deposit of money orders.  See 31 C.F.R. § 1010.311.  This section limits the necessity of a currency report to transactions in currency.  The name of the required report specifically has the term "currency" in it.  The definition of

currency does not include money orders, but is limited to legal tender.  <u>See</u> 31 C.F.R. § 1010.100(m).

Nowhere in the instructions provided to prepare the form or in the relevant Code of Federal Regulations is there any mention of a requirement to report the deposit of money orders.

### 2.    Allegation in Paragraph Six of Background:

"Structuring occurred when an individual knowingly made deposits or withdrawals from accounts held by federally insured banks, for the purpose of evading, or causing the bank to avoid the CTR reporting requirement of federal law."

### Response to Allegation in Paragraph Six:

This statement is not complete, and should read, "...made deposits or withdrawals *of currency*."  Money orders are not currency.  Further, money orders may not be withdrawn.

### 3.    Allegation in Paragraph Seven:

"It was a violation of federal law to knowingly structure the purchase of money orders from a domestic financial institution, and to knowingly structure the deposits of cash and money orders into a federally insured bank."

**Response to Allegation in Paragraph Seven:**

Under the relevant federal regulations, only currency can be structured. Money orders, once purchased, are not currency, and the deposit of money orders cannot be structuring of a financial transaction. One can deposit any number of money orders in any amount and this would not trigger the financial institution's requirement to prepare a CTR. This paragraph also does not have the language, "for the purpose of evading or avoiding the CTR reporting requirements," and therefore does not contain the complete description or definition of structuring a financial transaction, which unfairly aids the misstatement of law in the allegation.

4. **Allegation in Paragraph Eight:**

"It was part of the scheme and artifice that **HARDY** and A.S. concealed, and attempted to conceal, the true source of XYZ's funds by purchasing structured money orders from domestic financial institutions, and by making structured deposits of A.S.'s cash into XYZ accounts so as to avoid currency transaction reporting requirements of the financial institutions."

**Response to Allegation in Paragraph Eight:**

The presumption that A.S.'s structuring concealed the identity of the funds he provided to XYZ, LLC is refuted by the available documentation. The XYX, LLC records identified Servidio as the source of the funds he contributed.

**5**. **Allegation in Paragraph Nine:**

"It was further a part of the scheme and artifice that **HARDY** made such other false, fraudulent, deceptive, and deceitful representations as necessary to advance the fraudulent scheme, conceal his fraudulent activities from others, avoid detection, enrich himself, and cause loss to others."

**Response to Allegation in Paragraph Nine:**

The Government alleges no statute violated, and states no offense in this paragraph.  It asserts broad and vague allegations with no corresponding facts, time period, place, or victim.

**6.** **Allegation in Count One, Conspiracy, Paragraph Twelve**:

"The objects of the conspiracy were to conceal from banks and creditors, the true source of funds and the identity of assets, by knowingly structuring the purchase of money orders from domestic financial institutions, and by knowingly depositing cash and money orders in accounts held by federally insured banks."

**Response to Allegation in Paragraph Twelve**:

The Indictment alleges concealment from banks and creditors.  This has nothing to do with the offense of structuring.  The crime of structuring is complete when a structured transaction with a financial institution is conducted in an attempt to cause the financial institution to forego filing a CTR, or other reports required generally under Title 31 of the Code of Federal Regulations.

Further, the deposit of funds to the XYZ account in the form of currency did not conceal the identity or source of the funds, as the funds belonged to XYZ, LLC, a separate entity.

**7.    Allegation in Paragraph 13(b):**

"From on or about July 30, 2009, to January 5. 2012, A.S. delivered to **HARDY** numerous money orders and cashier checks purchased in structured amounts; that is, each money order under $3000...which **HARDY** deposited, or caused to be deposited, into XYZ accounts.

**Response to Allegation in Paragraph 13(b)**

The maximum amount of a money order purchased in the United States is $1,000.  Some sellers of money orders have a $500 limit.  Thus, the purchase of money orders under $3,000 cannot constitute the crime of structuring, as an individual must abide by the maximum allowable amount of a money order set by the seller.

**8.    Allegation in Paragraph 13(c):**

"From on or about July 30, 2009, to January 5, 2012, A.S. delivered cash and money orders to **HARDY**, which **HARDY** knowingly deposited, or caused to be deposited, into XYZ accounts in amounts of $10,000 or less for the purpose of avoiding and evading CTR reporting requirements."

**Response to Allegation in Paragraph 13(c):**

The deposit of money orders does not trigger the CTR reporting requirements, and therefore is not the crime of structuring.  Additionally, the money orders must be purchased in amounts of $1,000 or less, and therefore their purchase in amounts of less than $10,000 cannot be a structuring offense.

**9.     Allegation in Count Two, False Tax Return, Paragraph 13 (sic):**

"On or about February 12, 2010, in the State and Federal District of Nevada, and elsewhere, **DELMAR L. HARDY**, ….did willfully make and subscribe and did willfully aid, abet, assist, and cause to be so made and subscribed, a United States Individual Income Tax Return, Form 1040, Schedules C and E thereto, for tax years 2008, verified by a written declaration that it was made under penalties of perjury, and which Hardy did not believe to be true and correct as to every material matter."

**Response to Allegation in Paragraph 13 (sic):**

There is nothing in the Schedule E of the 2008 tax return that is alleged to be false.

With respect to Count One, Conspiracy to Structure Financial Transactions, and a significant portion of Count Two, False Tax Return, the four corners of the Indictment against Mr. Hardy do not state an offense on which criminal liability may rest.

## CONCLUSION

Mr. Hardy relies on the foregoing in support of his request that the Court dismiss the Indictment against him on the basis that it fails to state an offense.

Dated this 14h day of November, 2016

By: Leah R. Wigren /s/
Leah R. Wigren
Counsel for Del Hardy

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 14, 2016, she electronically filed with the District of Nevada this Motion to Dismiss Indictment, and that Plaintiff's counsel, James Keller, at James.Keller3@usdoj.gov, is listed in the District of Nevada's electronic case management system as a recipient of all electronic filings in Case Number 3:16-cr-6-MMD-VPC, at the electronic mailing address provided here.

Leah R. Wigren /s/
Leah R. Wigren
Counsel for Del Hardy