Leah R. Wigren
Nevada Bar Number 6862
5995 Shadow Park Drive
Reno, NV 89523
775-747-0526
Attorney for Del Hardy

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | 03:16-cr-6-MMD-VPC |
|---|---|
| Plaintiff, | Delmar Hardy's Motion in Limine |
| vs. | |
| Delmar Hardy, | |
| Defendant. | |

Certification:  This Motion is filed timely.

Del Hardy, by and through counsel, Leah Wigren, moves the court *in limine* for its order to either permit or exclude any reference, question, evidence, oral or documentary, remark, suggestion, or anything else pertaining to the following matters set forth here.

Motions in limine are a procedural mechanism to limit inadvertent testimony or other evidence.  They give counsel notice of the scope of certain evidence so that admissibility is settled before its attempted use before the jury.  United States v. Heller, 531 F.3d 1108, 1111 (9th Cir. 2009).

Counsel has attempted to tailor the requests in this Motion in Limine to avoid seeking exclusion of broad categories of evidence, which is disfavored. Sperberg v. Goodyear Tire and Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975).

**REQUEST NUMBER ONE**: That the Court provide a limiting instruction to the jury to prevent it from using against Mr. Hardy the past criminal history of, and involvement with drugs by, anticipated Government witness Antonio Servidio, who Mr. Hardy previously represented.

The basis of this request is that counsel anticipates if the jury hears evidence of Mr. Servidio's past wrongdoing, it will have a tendency to hold this against Mr. Hardy for representing Mr. Servidio, which in a roundabout way is improper character evidence against Mr. Hardy. Evidence of Mr. Servidio's past misconduct is not admissible for the purpose of impeaching Mr. Hardy's credibility. Thus, the requested limiting instruction is necessary due to the unique circumstance that a former client of Mr. Hardy's is in prison and cooperated with the Government against Mr. Hardy.

**AUTHORITY FOR REQUEST NUMBER ONE:**

Federal Rule of Evidence 105, titled *Limiting Evidence That is Not Admissible Against Other Parties or for Other Purposes,* provides: "If the Court admits evidence that is admissible against a party or for a purpose-but not against another party or for another purpose-the court, on timely request, must restrict the

evidence to its proper scope and instruct the jury accordingly." If the Court gives a limiting instruction, it must be careful to instruct the jury correctly as to the limited purpose for which evidence is admitted so that any prejudicial effect of the subject evidence is not enhanced. United States v. Bradshaw, 690 F.2d 704, 710 (9th Cir. 1982).

Rule 105 allows the relief requested here. Evidence of Mr. Servidio's past may be admissible for impeachment purposes, but should not be allowed to taint Mr. Hardy. Attorneys represent all different types of people, and are not required to perform background checks before accepting clients. Mr. Servidio should not be allowed to sully Mr. Hardy, an attorney in good-standing for nearly three decades.

**REQUEST NUMBER TWO:** For an Order that the Court will not read to the jury the Indictment in this case as it presently stands. While this issue has been addressed in pending pre-trial motions Mr. Hardy filed, counsel nonetheless seeks the requested Order here on the basis that the Indictment alleges conduct that the defense believes did not transgress any laws. As set forth in Mr. Hardy's Motion to Dismiss for Failure to State an Offense, (Dkt. # 40) paragraphs 6-9, and 12, 13(b) and (c) and 13 (sic) of the Indictment allege conduct that the defense submits is not unlawful. Therefore, the jury should not hear the Court read it. A reading by the Court could potentially infuse the Indictment with super authority, which

would be improper in light of the submissions here and in Mr. Hardy's Motion to Dismiss.

**AUTHORITY FOR REQUEST NUMBER TWO**:

Reading an indictment to the jury is not mandatory during a federal criminal trial. Whether to read an indictment is within the sound discretion of the trial court. United States v. Polizzi, 500 F.2d 856 (9th Cir. 1974). Given the defense submits a substantial portion of the Indictment against Mr. Hardy alleges conduct that is not unlawful, and an indictment is not evidence, unfair prejudice could result to Mr. Hardy if the Court reads it to the jury.

**REQUEST NUMBER THREE:** That the Government be precluded from successfully moving for a willful blindness jury instruction against Mr. Hardy related to his former tax preparer Brent Muhlenberg, or former client Antonio Servidio. Counsel anticipates that trial testimony may include references to errors Mr. Muhlenberg made when he prepared Mr. Hardy's taxes. The defense also surmises that the Government may allege Mr. Hardy knew that Mr. Servidio was obtaining money orders in amounts the Government deems improper, but which the defense maintains were not unlawful. Counsel requests that the Court reject any jury instruction the Government may offer that suggests Mr. Hardy turned a blind eye to Mr. Muhlenberg's mistakes, or Mr. Servidio's actions, to suggest that he willfully allowed errors in his tax returns, or wrongdoing by Mr. Servidio.

Counsel is aware of no facts supporting a purposeful ignorance instruction against Mr. Hardy. There is no information that Mr. Muhlenberg engaged in fraudulent tax return preparation and that Mr. Hardy knew this and chose to ignore it. Additionally, the discovery does not demonstrate that Mr. Hardy knew Mr. Servidio was obtaining money orders allegedly improperly.

**AUTHORITY FOR REQUEST NUMBER THREE**:

A willful ignorance instruction is appropriate *only* when a defendant purposefully continues to avoid learning all the facts of a given situation that might impact allegations in an indictment. United States v. Jewell, 532 F.2d 697, 698-700 (9th Cir. 1976)(emphasis added). The instruction enables the jury to find willful blindness where a person suspects a fact, realizes its probability, but refrains from obtaining final confirmation in order to deny knowledge if caught in wrongdoing. Id. The willful ignorance of a defendant, in the context of a deliberate ignorance instruction, is when he or she took unequivocal steps to avoid confirming suspicions of criminality. United States v. Heredia, 483 F.3d 913 (9th Cir. 2007). These descriptions of when a willful blindness instruction is appropriate do not reflect Mr. Hardy's behavior as set forth in Government discovery, and therefore such an instruction is improper.

**REQUEST NUMBER FOUR**: To preclude the Government from eliciting witness testimony about any involvement with drugs or alcohol by Mr. Hardy, to

suggest that this may have led to his representation of Mr. Servidio i.e., that Mr. Hardy represented Mr. Servidio in order to have ready access to controlled substances.   This request is based on the DEA's involvement in an interview of Mr. Hardy, and investigation of Mr. Servidio.

### AUTHORITY FOR REQUEST NUMBER FOUR:

Federal Rule of Evidence 404(b)(1) disallows evidence of a crime, wrong, or other act to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.  In a criminal case, rule 404(b)(2) allows evidence for another purpose,  such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  Rule 404(b) is one of inclusion that admits evidence of other wrongs relevant to an issue at trial *except where it only tends to prove criminal disposition*.  United States v. Rocha, 553 F.2d 615, 616 (9th Cir. 1977)(emphasis added).   If such evidence is admitted, it is important that the Court caution the jury about the reasons why.  Bradshaw, 690 F.2d at 709.  Rule 404(b) is subject to the Rule 403 balancing test providing that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. United States v. Green, 648 F.2d 587 (9th Cir. 1981).

Counsel submits that the evidence the defense seeks preclusion of in this request does not even reach a level necessitating employment of the Rule 403

balancing test. Evidence of alleged drug use does not tend to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident with respect to the indicted allegations against Mr. Hardy, and only would improperly tend to prove criminal disposition. The charges against Mr. Hardy will not be more likely proven with evidence of the sort the defense seeks preclusion of here.

The Supreme Court has long prohibited this type of evidence. In Michelson v. United States, 335 U.S. 469 (1948), the court precluded the prosecution from introducing in its case-in-chief any kind of evidence of "evil character" to establish a probability of guilt. It said that character is not irrelevant, but weighs too heavily and may "overpersuade" a jury to prejudge and deny a fair opportunity to defend against a particular charge. The overriding policy of excluding such evidence is based on preventing confusion of issues, unfair surprise, and undue prejudice. Id. at 475-76.

**REQUEST NUMBER FIVE**: To preclude the Government from eliciting witness testimony about uncharged bank fraud that the Government might suggest Mr. Hardy committed. Bank fraud is not alleged in the Indictment, but is referenced in pleadings in the case styled *United States v. Antonio Servidio,* and in discovery issued in Mr. Hardy's case. Thus, counsel seeks an Order excluding such evidence in the event the Governments intends to allege it as prior bad act or

character evidence.  Evidence of bank fraud is not relevant to any fact that is of consequence in determining the subject of this action.  Most importantly, the Government-issued discovery in this case does not establish that Mr. Hardy committed bank fraud.

**AUTHORITY FOR REQUEST NUMBER FIVE:**

Federal Rule of Evidence 401 states:

Evidence is relevant if:

**(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and

**(b)** the fact is of consequence in determining the action.

Evidence that is not relevant is inadmissible.  United States v. Repizo, 161 F.3d 15 (9th Cir. 1998).

Given that bank fraud is not alleged in this case, any testimony about it would not have any tendency to make a fact of consequence more or less probable than it would be without the evidence discussed here.  Therefore, evidence of this is irrelevant and should not be admitted at trial.

Further, none of the permissible uses of prior bad act evidence are in play because bank fraud is not charged against Mr. Hardy, and its existence or lack of does not shed light on what is alleged in the Indictment.  Evidence should be excluded prior to trial where it is inadmissible on all potential grounds.  United States v. Whittemore, 944 F. Supp. 2d 1003, 1006 (D. Nev. 2013).

**REQUEST NUMBER SIX:** That the Government be precluded from introducing any documents or testimony relating to evidence of a will that Government-issued discovery in this case states Mr. Hardy prepared for a now-deceased individual named Robert Downey. The "evidence" of this consists of a memorandum memorializing a telephonic interview with an individual accusing Mr. Hardy and his law firm of improprieties with respect to her grandfather's will. There is no evidence to substantiate the allegations, no Nevada State Bar complaint, no facts that the time period is relevant to this case, and no corroborating testimony or documentation in support of the memorandum.

**AUTHORITY FOR REQUEST NUMBER SIX**:

This evidence is irrelevant to the indicted charges, as whether Mr. Hardy drafted a will does not tend to make the existence of any fact that is of consequence to the determination of this lawsuit more or less probable than it would be without it. See FED. R. EVID. 401. Therefore, the evidence should be excluded on the basis that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Id. at R. 403.

The allegations are at least triple hearsay that does not fall within any firmly rooted exception under Federal Rule of Evidence 803. Therefore, the confrontation clause requires a showing of "particularized guarantees of

trustworthiness." Idaho v. Wright, 497 U.S. 805 (1990).  Particularized guarantees of trustworthiness must be shown from the totality of the circumstances, but the relevant circumstances include only those that surround the making of the statement and that render the declarant particularly worthy of belief.  Id. at 819.  The evidence must possess indicia of reliability by virtue of its inherent trustworthiness, not by reference to any other evidence at trial.  Id. at 822.  The investigative memorandum of the interview, which is the totality of the circumstances, offers no indicia of reliability that makes the declarant particularly worthy of belief.

Additionally, none of the permissible uses under Rule 404(b) exist in this context.  This evidence does not show motive, opportunity, etc., with respect to the indicted charges.

**REQUEST NUMBER SEVEN**:  That the Government be precluded from introducing evidence that Mr. Hardy was involved in any way with allegations set forth in a civil Complaint in a case entitled Smith v. Scardigli, filed in the Second Judicial District Court in and for the County of Washoe, on June 23, 2010.  The Government has provided no corroborating evidence of the allegations made in the Complaint, no documentation that any court made any adverse finding against Mr. Hardy, and no evidence that the conduct described in the Complaint was or is unlawful or wrong.

**AUTHORITY FOR REQUEST NUMBER SEVEN:**

Similar to Request Number Six, the evidence discussed here is not probative of any charges currently lodged against Mr. Hardy. Further, it would not tend to make the existence of any fact of consequence more or less probable. Moreover, its admission would amount to improper character evidence against Mr. Hardy in violation of Rule 404(b)(1) and (2).

**REQUEST NUMBER EIGHT**: That the Government be precluded from offering evidence proferred by an individual named Mark Percin, set forth in Government-issued discovery as an individual "assisting" in an unnamed case against Mr. Scardigli in Placer County Court. Discovery in this case states that Mr. Percin called the IRS and made uncorroborated statements against Mr. Hardy.

**AUTHORITY FOR REQUEST NUMBER EIGHT:**

Similar to the issue presented in Request Number Six, these allegations are at least double hearsay, and are not corroborated by any documentation, state bar complaint, adverse finding by any judicial body, or dates or time periods relevant to this case. As such, admission of these allegations is violative of evidence rules 402, 404(b), and 802, and the Sixth Amendment confrontation clause. The evidence is not relevant, is improper character evidence that is not subject to any permissible uses under 404(b)(1) or (2), and is inadmissible hearsay.

**REQUEST NUMBER NINE:** That any inculpatory statements Mr. Hardy made during a two hour night-time interview with the IRS and DEA at his home on November 6, 2012, be excluded at trial. Counsel is not fully certain what Mr. Hardy said during the interview because agents did not note whether they recorded it or not. However, this request is based on evidence that the agents did not read Mr. Hardy a Non-Custodial Statement of Rights pursuant to IRS form 5661, which states:

> Before we ask you any questions, it is my duty to advise you of your rights.
>
> You have the right to remain silent.
>
> Anything you say can be used against you in court, or other proceedings.
>
> You have the right to consult an attorney before making any statement or answering any questions, and you may have an attorney present with you during questioning.
>
> You may have an attorney appointed to you by the U.S. magistrate or the court to represent you if you cannot afford or otherwise obtain one.
>
> If you decide to answer questions now with or without a lawyer, you still have the right to stop the questioning at any time, or to stop the questioning for the purpose of consulting a lawyer, HOWEVER,
>
> You may waive the right to advice of counsel and your right to remain silent, and you may answer questions or make a statement without consulting a lawyer if you so desire. (Emphasis in original).
>
> Department of the Treasury     Document 5661-A (3-2001)
> Internal Revenue Service       Catalog Number 31877 D

**AUTHORITY FOR REQUEST NUMBER NINE**:

The memorandum of the interview does not state that the IRS agent read Mr. Hardy his rights, which would be a violation of IRS policies.

Further, the title "non-custodial" statement of rights does not end the inquiry regarding whether an interrogation took place while a suspect was in custody or not. It is arguable that Mr. Hardy was in custody during the interrogation, necessitating the reading of his Miranda rights. In United States v. Craighead, 539 F.3d 1073 (9th Cir. 2008), the court looked at the totality of the circumstances to determine whether a suspect was in custody when interrogated at home. The court asked how many law enforcement personnel were present, if they were armed, if the suspect was restrained or isolated, and whether the suspect was informed that questioning was voluntary and that he was free to leave or terminate the interview. Id. at 1084-87. The court found that eight officers were present and stood in ways to make the target feel trapped. Id. at 1085-86. The court found the interrogation within Craighead's home was custodial, and Miranda warnings required. Because officers failed to give the warnings, the court held that Craighead's self-incriminating statements should have been suppressed. 539 F.3d at 1089.

In this case, two agents showed-up at Mr. Hardy's door at 7:30 at night, and it appears he was alone and drinking wine. It is unlikely the agents were unarmed. He initially told them they could not come in, but when told he was indicted, he

agreed to speak with them. The memorandum does not say agents told Mr. Hardy he was free to leave or terminate the interview. With respect to the freedom to leave, <u>Craighead</u> takes pains to ask that when a police interview occurs in a person's home, even if they are free to leave, where are they to go? <u>Id.</u> at 1082-83. Further, Mr. Hardy's case is more egregious than Craighead's from the standpoint that police told the latter he was free to leave, <u>id.</u> at 1088, and nothing indicates agents offered Mr. Hardy similar treatment. The totality of the circumstances demonstrates Mr. Hardy was subject to custodial questioning, and should have been *Mirandaized*.

    **REQUEST NUMBER TEN**: That a video recording of Mr. Hardy and an employee of his office placing documents in a bin on a bright sunny day be deemed inadmissible at trial. The Government made the recording available to the defense on today's date, and stated that it also received the tape today. Nothing in discovery shows on what date it was made, what information the documents being thrown into a bin contained, and whether the person videotaping looked at the documents once they were thrown in the bin. The Government has not provided the name of the party providing the tape. The activity took place in the middle of the day, and does not appear clandestine in nature. The bin is outside, where anyone could look into it.

    **AUTHORITY FOR REQUEST NUMBER TEN**:

Based on the dearth of information about what the documents contained, this videotape is irrelevant under Rule 402.  Thus far, the Government has not alleged documents important to this lawsuit are missing.  Further, the tape does not show Mr. Hardy engaging in wrongdoing; disposing of documents is a common occurrence in any paper intensive business.   The tape does not show dates on the documents or that they were discarded prior to the requisite time period of retention.  It shows nothing that would tend to prove a consequential fact.

Even if the Court finds the tape relevant, for the reasons set forth here it should be excluded as its probative value is substantially outweighed by the danger of unfair prejudice, and misleading the jury.  Fed. R. Evid. 403.

If the Court allows admission of the tape, the defense requests the Government disclose the name and contact information of the individuals who produced and provided it to the Government.

## CONCLUSION

Counsel for Mr. Hardy respectfully requests the Court limit the evidence at trial as requested above.

Dated this 12th day of December, 2016

By:   Leah R. Wigren /s/
      Leah R. Wigren
      Counsel for Del Hardy

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 12, 2016, she electronically filed with the District of Nevada this Motion in Limine and that Plaintiff's counsel, James Keller, at James.Keller3@usdoj.gov, is listed in the District of Nevada's electronic case management system as a recipient of all electronic filings in Case Number 3:16-cr-6-MMD-WGC, at the electronic mailing address provided here.

Leah R. Wigren /s/
Leah R. Wigren
Counsel for Del Hardy
