UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br>DELMAR L. HARDY,<br><br>                Defendant. | Case No. 3:16-cr-00006-MMD-VPC<br><br>ORDER |

**I.    SUMMARY**

Defendant Delmar L. Hardy ("Hardy") was indicted on five counts — one count of conspiracy, three counts of false tax returns and one count of corruptly obstructing or impeding due administration of the Internal Revenue laws. (ECF No. 1.) Hardy has filed the following pretrial motions: (1) motion to dismiss indictment (ECF No. 40); (2) motion for bill of particulars (ECF No. 34); (3) motion for statement of primary factual basis for each count (ECF No. 35); (4) motion for release of grand jury transcript (ECF No. 36); (5) motion to take deposition (ECF No. 37); (6) motion to compel discovery (ECF No. 39); (7) motion to suppress (ECF No. 38); and (8) three motions requesting notice of intent to use Rule 404(b) evidence, for government notice of intent to use evidence, and for written summary of expert witness testimony (collectively, "Requests") (ECF Nos. 41, 42, 47). The Court has reviewed the briefs relating to these motions, including the government's responses and Hardy's replies. For the reasons discussed below, Hardy's motions are denied.

## II. RELEVANT BACKGROUND

On January 27, 2016, the Grand Jury returned the Indictment in this case, charging Hardy with five counts relating to tax fraud. (ECF No. 1.) The conspiracy offense charged in Count One alleges that between July 2009 and January 2012, Hardy agreed and conspired with A.S.[1] and others to commit the offense of Structuring Financial Transactions against the United States in violation of 31 U.S.C. §§ 5324(a)(3) and (d)(2). (*Id.* at 3.) The Indictment alleges that Hardy and A.S. concealed the true source of their limited liability company XYZ Real Estate, LLC's ("XYZ") funds "by purchasing structured money orders from domestic financial institutions[] and by making structured deposits of A.S.'s cash into XYZ accounts so as to avoid the currency transaction reporting requirements of [] financial institutions." (*Id.* at 2.) The purported "objects of the conspiracy were to conceal from banks and creditors[ ] the true source of funds and the identity of assets[] by knowingly structuring the purchase of money orders from domestic financial institutions[] and by knowingly depositing cash and money orders in accounts held by federally insured banks." (*Id.* at 3.) Counts Two through Four allege Hardy filed false tax returns for tax years 2008, 2009 and 2010 in violation of 26 U.S.C. § 7206(1). (*Id.* at 4-8.) Count Five alleges that between approximately December 2010 and November 2011, Hardy "did corruptly endeavor to obstruct and impede the due administration of the Internal Revenue laws by concealing A.S.'s contributions to, and taxable interests in, XYZ" and by "executing United States Income Tax Return, Form 1040, for each of tax years 2009 and 2010, showing on Schedule E the rental income and expenses incurred by XYZ as that of Hardy [sic] for each of those tax years." (*Id.* at 8.)

///
///
///

---

[1] The Indictment states that A.S. is "an individual who resided in the State and Federal District of Nevada and was a client and business associate of [Defendant]." (ECF No. 1 at 1.)

2

### III. DISCUSSIONS

#### A. Motion to Dismiss (ECF No. 40)

Hardy seeks dismissal under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for failure to state an offense. In considering a dismissal under Rule 12(b)(3)(B)(v), the district court "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren,* 278 F.3d 911, 914 (9th Cir. 2002). The government is not required to state its theory of the case or allege supporting evidence in an indictment; rather, the government need only allege the "essential facts necessary to apprise a defendant of the crime charged." *United States v. Buckley,* 689 F.2d 893, 897 (9th Cir. 1982) (quoting *United States v. Markee,* 425 F.2d 1043, 1047-48 (9th Cir. 1970), *cert. denied*, 400 U.S. 847 (1970)).

The gist of Hardy's argument is that Count One fails to adequately allege a conspiracy to structure financial transactions because the relevant law does not require a currency transaction report ("CTR") for deposits of money orders.[2] (*See, e.g.*, ECF No. 40 at 3 (citing 31 C.F.R. § 1010.311).). The government responds that Hardy's argument is based on a selective reading of the Indictment and that Hardy relies on some "precise word or words that in isolation do not undermine the sufficiency of each count" while ignoring the Indictment as a whole. (ECF No. 53 at 3.) The government further points out that Hardy does not dispute that each alleged offense recites the essential elements. (*Id.*)

The Court agrees with the government that Hardy's reading of the Indictment is inappropriately selective. "[A]n indictment should be: (1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *Buckley*, 689 F.2d. at 899.

Here, the Indictment alleges that Hardy concealed "the true source of funds and the identity of assets [] by knowingly structuring the purchase of money orders from domestic financial institutions[] and by knowingly depositing cash and money orders in

---

[2] Money orders are not considered to be "currency" under the statute and its regulations. *See* C.F.R. § 1010.100(m).

3

accounts held by federally insured banks." (ECF No. 1 at 2-3.) Read as a whole, the Indictment alleges that the prohibited financial structuring involved not just money orders but also cash and cashier's checks. Hardy discriminately focuses on the Indictment's references to "money orders" and their monetary amounts to argue that the Indictment fails to sufficiently allege an offense of conspiracy. For example, Hardy claims that because the maximum amount of money that may be purchased for a money order is $1,000, the fact that A.S. delivered "each money order" in an amount under $3,000 does not constitute illegal structuring. (ECF No. 40 at 7.) But this selective focus on the monetary limit of each money order again ignores the Indictment as a whole. The Indictment alleges that "money orders and cashier checks purchased" were made in structured amounts to conceal "the true source of the funds and identity of the assets." (ECF No. 1 at 3.)

Hardy also claims that the Indictment does not allege any false information in Schedule E of the 2008 tax return. (ECF No. 40 at 8.) The government responds that the allegations in Count Two do not depend on whether Schedule E contains false information. (ECF No. 53 at 4.) The Court agrees with the government. Count Two alleges Hardy's Individual Income Tax Return Form 1040 (with Schedules C and E thereto), which he verified, contains false information relating to his business income and adjusted gross income. (ECF No. 1 at 5.)

The Indictment sufficiently states the charged offenses against Hardy. Therefore, Hardy's motion to dismiss is denied.

**B.    Motion for Bill of Particulars (ECF No. 34)**

Hardy asks for a bill of particulars — i.e., a detailed list of the government's claims against him — including what evidence the government intends to offer and in "what form it intends to present its evidence." (ECF No. 34 at 9.) The government argues that Hardy relies on a bill of particulars not for its intended purpose and instead requests one in an attempt to obtain discovery. (ECF No. 48 at 4-6.) In his reply, Hardy appears to concede that his motion exceeds the scope of a bill of particulars. (*See* ECF No. 64 at 3.) Hardy

4

contends he "seeks information about the theory of the case." (*Id.*) Hardy urges the Court to construe his motion more liberally because of the complex nature of the tax charges. (*Id.* at 2-3.)

Federal Rule of Criminal Procedure 7(f) gives the court authority to "direct the government to file a bill of particulars." It also provides that "[t]he defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f).

As an initial matter, the government argues that Hardy's motion is untimely. (ECF No. 48 at 2.) Hardy responds that, because Rule 7 provides that a bill of particulars may be issued at any time with court approval, his motion is not untimely. (ECF No. 64 at 1.) However, Hardy's construction would render Rule 7's fourteen-day deadline meaningless. A more reasonable construction of the rule is that a defendant may file a motion for a bill of particulars within 14 days of the arraignment unless the court establishes a different deadline or gives the defendant leave to file a motion outside of Rule 7(f)'s fourteen-day limit. The Court did not establish a different deadline and Hardy did not seek leave of court to file his motion for bill of particulars. Accordingly, Hardy's motion is untimely.

Even setting aside the untimeliness of Hardy's motion, the Court agrees with the government that Hardy's motion should be denied on the merits. "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir. 1983) (citing *United States v. Giese,* 597 F.2d 1170, 1180 (9th Cir. 1979), *cert. denied*, 444 U.S. 979 (1979)). The Ninth Circuit long ago identified the three functions of a bill of particulars:

> "[T]o inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable [the defendant] to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague[] and indefinite for such purposes."

5

*Giese,* 597 F.2d at 1180 (quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)). In considering whether a bill of particulars should be issued, the court should also evaluate the discovery provided by the government. "Full discovery also obviates the need for a bill of particulars." *Id.* (citing *United States v. Clay*, 476 F.2d 1211, 1215 (1973)).

Here, the Indictment sufficiently informs Hardy of the nature of the charges against him. Count One sufficiently apprises Hardy of the alleged offense of conspiracy to structure financial transactions, which accuses Hardy of concealing "the true source of funds and the identity of assets [] [from banks and creditor] by knowingly structuring the purchase of money orders from domestic financial institutions[] and by knowingly depositing cash and money orders in accounts held by federally insured banks."[3] (ECF No. 1 at 2-3.) Additionally, each tax count (Counts Two through Four) identifies the information on Hardy's tax return that the government alleges is false, but does not present the complexities that Hardy argues require a more liberal application of Rule 7(f). For example, Count Two alleges that, on his 2008 tax return, Hardy claimed his "business income was a loss of $55,535, when as he then and there knew[] his business income was substantially greater than a loss of $55,535." (ECF No. 1 at 5.) In fact, Hardy concedes in his reply that "the Motion does not allege the Indictment fails to clearly apprise [him] of the charges." (ECF No. 64 at 4.) But absent a finding that the Indictment does not apprise Hardy of the nature of the charges, Hardy is not entitled to a bill of particulars.

Moreover, Hardy does not dispute the government's contention that the discovery provided, including the index of the discovery items, sufficiently informs Hardy of the offenses that he allegedly committed. While Hardy complains that discovery is too voluminous here, the discovery provided to him by the government effectively eliminated the need for a bill of particulars. *See Giese,* 597 F.2d at 1180.

Finally, the list of items that Hardy asks the government to include in a bill of particulars underscores the government's argument that Hardy is essentially asking for

---

[3]As in his motion to dismiss, Hardy focuses on paragraph 9 in arguing that this paragraph is too vague but ignores the Indictment as a whole. (ECF No. 3 at 8-9.)

discovery and preemptively asking for evidence that the government purports to use at trial. For example, Hardy asks the government to detail: "[w]hat evidence it intends to offer," "[t]he specific entries or parts of tax returns and schedules for relevant years that are allegedly false," and in "what form [the government] intends to present its evidence." (ECF No. 34 at 9.) However, the government is not required to disclose the evidence it intends to rely on to support the charges in the Indictment. *See United States v. Ryland,* 806 F.2d 941, 942 (9th Cir. 1986) ("A defendant is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case.") (emphasis in original).

### C. Motion for Statement of Primary Factual Basis (ECF No. 35)

Hardy asks the Court to direct the government to "produce a statement setting forth the factual orientation of the [g]overnment's theories of liability for each count in the Indictment[] so that his trial preparation efforts are 'meaningfully directed.'" (ECF No. 35 at 2 (quoting *United States v. Bundy,* case no. 3:16-cr-00051-BR, 2016 WL 5340307 (D. Or. Sept. 21, 2016)).) The government argues that it is not legally required to provide such a statement. (ECF No. 49 at 2.)

Hardy relies on *Bundy* to support his motion, yet the order in that case denied all motions filed by the various defendants.[4] In any event, the Court agrees with the government that *Bundy,* which involved twenty-six defendants, is distinguishable from the case here. (*See* ECF No. 49 at 3.) This case involves Hardy as the sole defendant, and the Indictment sufficiently apprises Hardy of the nature of the charges against him. Accordingly, Hardy's motion for statement of primary factual basis is denied.

### D. Motion for Release of Grand Jury Transcripts (ECF No. 36)

Hardy seeks a release of transcripts of the testimony of several witnesses who testified before the grand jury, and asks that the specific requests and instructions given to the grand jurors be included. (ECF No. 36 at 12.) Hardy generally argues that transcripts

---

[4]Hardy fails to provide the pincite.

7

of witness testimonies are needed to prepare his defense; however, he offers no reason to support his request for the instructions given to grand jurors other than that the need to protect the secrecy of such information is diminished. (*See id.* at 12-13.) In response, the government argues that Hardy will receive the grand jury testimony of all government witnesses seven days before trial pursuant to the Complex Case Schedule and that Hardy has not demonstrated a particularized need for the requested grand jury transcripts or requests and instructions given to the grand jurors. (ECF No. 56.) The Court agrees with the government.

While Federal Rule of Criminal Procedure 6(e) protects the secrecy of grand jury proceedings, it also provides some exceptions. Hardy asks the Court to apply the exception under Rule 6(e)(3)(E)(i), which gives the court authority to authorize disclosures "preliminarily to or in connection with a judicial proceeding." Disclosure of grand jury proceedings is "appropriate only in those cases where the need for [the materials] outweighs the public interest in secrecy." *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979). Furthermore, "the burden of demonstrating this balance rests upon the private party seeking disclosure." *Id.* "Moreover, the Court required that the showing of need for the transcripts be made 'with particularity' so that 'the secrecy of the proceedings may be lifted discretely and limitedly." *Id.* at 221 (quoting *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683 (1958)).

Hardy essentially argues that he has a "particularized need" for the requested grand jury transcripts because the identified witnesses will either testify in the government's case or, alternatively, because their testimony before the grand jury contains impeachment or exculpatory material. (ECF No. 36 at 6-11.) For example, Hardy anticipates that Antonio Servidio will be the government's main witness. (ECF No. 36 at 6.) However, as the government states, it is obligated to provide the transcripts of the testimony of witnesses who testified before the grand jury seven days before trial. (ECF No. 56 at 5.) To the extent these transcripts contain impeachment or exculpatory material, the government is obligated to produce them under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and *Giglio v.*

8

1 *United States,* 405 U.S. 150 (1972). Thus, Hardy's motion is not so much about disclosure of the grand jury transcripts; rather it is about the timing of such disclosure. Hardy has not articulated a need for the grand jury transcripts beyond the time contemplated in the Complex Case Schedule.

Hardy contends that an indictment may be dismissed "for improprieties in the grand jury process . . . [and that,] without a transcript, it is impossible to determine if the proceedings were done fairly." (ECF No. 36 at 7.) But Rule 6(e)(3)(E)(ii) addresses this kind of situation. Rule 6(e)(3)(E)(ii) provides that the court may authorize disclosure "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Thus, a defendant must show that "a ground may exist to dismiss the indictment" before the court may authorize disclosure, and a defendant may not obtain disclosure of grand jury transcripts in order to determine if a ground does, in fact, exist , which Hardy appears to attempt here. Moreover, Hardy acknowledges that this exception "is difficult to satisfy" and concedes he is not seeking disclosure under Rule 6(e)(3)(E)(ii). (ECF No. 36 at 3; ECF No. 66 at 4.)

Lastly, Hardy argues that the transcripts should be released because requests and instructions to grand jurors do not implicate the secrecy protections of Rule 6(e)(2). (ECF No. 36 at 11.) Even assuming Hardy is correct that such information does not enjoy the same level of secrecy, Hardy nevertheless fails to offer any reason to justify the release of such materials.

### E.   Motion to Take Deposition (ECF No. 37)

Hardy seeks to "depose any and all cellmates who have served or are serving time at any federal facility that Mr. Servidio has [sic] or is serving time at pursuant to the custodial sentence imposed on him in [his district court] case." (ECF No. 37 at 2.) Hardy contends that "exceptional circumstance" support his request to depose these individuals because of "grave concerns" about Mr. Servidio's credibility. (*Id.* at 2-3.) He contends that Mr. Servidio's cellmates "could shed light on any contradictions between [Mr. Servidio's] statements to the [g]overnment, and others, about Mr. Hardy and [Mr. Servidio's] dealings

9

with him." (*Id.* at 3) The government counters that Hardy's request is speculative, seeks to depose unidentified inmates for purposes of obtaining discovery and therefore does not satisfy Fed. R. Crim. P. 15's "exceptional circumstances" requirement. (ECF No. 50 at 2.)

Fed. R. Crim. P. 15(a) permits a party to move to depose a witness "in order to preserve testimony for trial." Rule 15(a) cannot be used for the purpose of obtaining discovery. *See United States v. Fei Ye,* 436 F.3d 1117, 1123 (9th Cir. 2006) (finding that the district court's order permitting deposition of the government's expert witnesses violated Rule 15 because defendants were seeking to obtain discovery, not preservation of testimony for trial, among other reasons). The district court has discretion to allow a Rule 15 deposition in "exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a).

The Court agrees with the government that Hardy is seeking the deposition of unnamed inmates for purposes of discovery, not for preservation of testimony for trial. Hardy has not offered any information to suggest, let alone support, his belief that any inmates assigned to share a cell with Mr. Servidio may have relevant information to impugn Mr. Servidio's credibility. Indeed, Hardy's theory to test Mr. Servidio's credibility is based on mere speculation that Mr. Servidio would discuss anything about this case with his cellmates and that, in doing so, he would share information contradicting his prior statements. Under these circumstances, Hardy has not demonstrated that exceptional circumstances or the interest of justice warrant the granting of his request to depose an unknown number of unidentified inmates. Hardy's motion will therefore be denied.

**F.  Motion to Compel Discovery (ECF No. 39)**

Hardy seeks to compel the government to disclose the identities of Confidential Sources of Information ("SOIs").[5] Hardy does not dispute the government's response that

---

[5] Hardy also identified a request for interview notes and electronic recordings relating to interviews of witnesses, noting that the government has agreed to attempt to locate the requested materials. (ECF No. 39 at 6.) The parties disagree as to whether the government so agreed. In any event, there does not appear to be a dispute at this point that requires court intervention.

Hardy already has the information provided by the SOIs. (ECF No. 52 at 2; ECF No. 39 at 1.) Rather, Hardy disputes the government's failure to disclose the SOIs' identities. Hardy contends the SOIs' identities are relevant and helpful because the SOIs may corroborate Hardy's defense. (ECF No. 39 at 4.) Ostensibly, by obtaining the SOIs' identities Hardy would be able to interview them and corroborate his claim that Mr. Servidio was untruthful with Hardy about his activities.

It is well established that the government retains a qualified privilege to protect the identity of individuals who provide information to law enforcement officers. *United States v. Henderson,* 241 F.3d 638, 645 (9th Cir. 2001) (citing *Roviaro v. United States,* 353 U.S. 53, 59-61 (1957)). "'A trial court may require disclosure, however, where the defendant shows that disclosure of an informant's identity, or of the contents of his communication, is 'relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause.'" *United States v. Amador-Galvan,* 9 F.3d 1414, 1417 (9th Cir. 1993) (quoting *Roviaro,* 353 U.S. at 60-61). The defendant carries the initial burden of showing "a need for disclosure of a confidential informant's identity." *Id.* Once defendant has satisfied this burden, the court is required to "apply a balancing test, weighing the public interest in encouraging citizens to inform the government about criminal activity[] against an accused's right to prepare his defense." *Id.* (citing Roviaro, 353 U.S. at 62). "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro,* 353 U.S. at 62. The district court has discretion in deciding whether to hold an *in camera* hearing. *See Amador-Galvan,* 9 F.3d at 1417. However, "[b]alancing the defendant's and the government's interests, a district court must hold an in camera hearing whenever the defendant makes a minimal threshold showing that disclosure would be relevant to at least one defense." *Henderson,* 241 F.3d at 645 (quoting *United States v. Spires,* 3 F.3d 1234, 1238 (1993) (internal quotation marks omitted)). Moreover, an *in camera* hearing "is advantageous because it poses little risk of disclosing the identity

11

of the informant and may provide many of the same benefits as disclosure itself, especially when defense counsel may participate under an order not to reveal any information disclosed during the hearing." *Id.* (quoting *Spires*, 3 F.3d at 1238) (internal quotation marks omitted).

Hardy fails to meet his initial burden of showing a need for disclosure of the identities of the SOIs. Hardy claims that counsel must know the "informants' degree of involvement in the case" and "which informants had information about Mr. Servidio" (ECF No. 39 at 4-5). But as noted, Hardy already has the materials and reports referencing the SOIs and merely wants the SOIs' identities. Hardy asserts in his reply brief that "release of informant identities and information gleaned from interviewing them likely would inform a defense," giving an example of a potential defense centering on Mr. Servidio's veracity. (ECF No. 69 at 3.) However, Hardy must show that the disclosure of the SOIs' identities "would be relevant to at least one defense," not speculate that their identities may inform his defense. *See Henderson,* 241 F.3d at 645 (in satisfying his burden to show a need for the disclosure of an informant's identity, a defendant "must show more than a 'mere suspicion' that the informant has information that will prove 'relevant' and helpful' to his defense, or that will be essential to a fair trial").

The Court finds that Hardy fails to make a minimal threshold showing that disclosure of the SOIs' identities would be relevant to his defense. Accordingly, Hardy's motion to compel discovery is denied.

G. **Motion to Suppress (ECF No. 38)**

Hardy requests a hearing under *Franks v. Delaware,* 438 U.S. 154 (1977), to challenge the affidavit supporting the search of his office. (ECF No. 38.) Yet, Hardy concedes that he cannot satisfy *Franks*' requirements at this time. (*See id.* at 8.) Accordingly, Hardy's motion is denied.

H. **Requests (ECF Nos. 41, 42, 47)**

Hardy filed two motions that appear to be requests directed to the government and not to the Court. In the motions, Hardy requests that the government give notice of its

intent to use evidence under Fed. R. Evid. 404(b) and to use evidence to which Hardy is entitled under Fed. R. Crim. P. 16. (ECF Nos. 41, 42.) The government responds that it intends to comply with its obligations to provide reasonable notice of its intent to use evidence that falls within Rule 404(b) (ECF No. 54 at 2) and to provide discovery to which Hardy is entitled under Rule 16 (see ECF No. 57 at 2). Defendant replies that he did not file a motion with the Court but directed these Requests to the government. (ECF No. 71 at 2; ECF No. 72 at 2.) However, the Requests were filed with the Court as motions, which is contrary to Hardy's insistence that he is not seeking the Court's intervention by way of motion. (ECF Nos. 41, 42.) The Court agrees with the government that these motions should be denied as moot.

Hardy filed a third motion titled in part as "Request for Written Summary of Expert Witness Testimony." (ECF No. 47.) This motion also appears to be a request to the government and not to the Court. It is not clear why Hardy filed this "Request" as a motion when he is not seeking any relief from the Court. The motion (ECF No. 47) is therefore denied.

### IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Hardy's motions.

It is therefore ordered that Hardy's motions (ECF Nos. 34, 35, 36, 37, 38, 39, 40, 41, 42, 47) are denied.

DATED THIS 24th day of February 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE