Leah R. Wigren
Nevada Bar Number 6862
5995 Shadow Park Drive
Reno, NV 89523
775-747-0526
Attorney for Delmar Hardy

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | 03:16-cr-6-MMD-VPC |
|---|---|
| Plaintiff, | Sealed Ex Parte Motion Requesting Court Direct Clerk's Office to Issue Subpoenas Prepared by Retained Counsel |
| vs. | |
| Delmar L. Hardy, | |
| Defendant. | |

 Defendant, Del Hardy, by and through counsel, Leah R. Wigren, moves under seal for an Order directing the District of Nevada's Clerk's Office to issue subpoenas prepared by retained counsel.

 This Motion is based on the attached Points and Authorities, and the relevant pleadings on file with the Court in this matter.

 Respectfully Submitted this 11th day of May, 2017

             By: /s/ Leah R. Wigren_____

               Leah R. Wigren
               Counsel for Delmar Hardy

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  BRIEF FACTUAL BACKGROUND

On May 5, 2017, counsel sought issuance of subpoenas by way of AO Form 89B, entitled, "Subpoena to Produce Documents, Information, or Objects in a Criminal Case," in the captioned matter.  Prior to that date, the Clerk's office had issued numerous subpoenas in this case.  On that date, the Clerk's staff declined to issue the subpoenas, on the basis that they were unclear about where the subpoenaed documents would go, that is, to the clerk's, or counsel's office, and whether the Government would have a right to inspect the documents.

It is counsel's understanding that the staff based its rejection of the request to issue the subpoenas on the following language set forth on Form AO 89B:

> Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates  practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

### II.  STANDARDS GUIDING MOTION:

<u>Application of Form 89B Factors to the Current Matter:</u>

1. Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena.

Prior to requesting and serving the subpoenas requested herein, counsel consulted the District of Nevada's Local Criminal Rules of practice. Counsel determined that the Local Criminal Rules do not establish requirements in connection with the issuance of subpoenas in a case involving retained counsel. LCR 17-1, the only criminal rule governing subpoenas, is entitled, "Issuance of Subpoenas Requested by Federal Public Defender," and addresses subpoenas requested by appointed counsel, and does not govern those requested by retained counsel.

> 2. If no local rules or orders govern practice under Rule 17(c)[1], counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

It is counsel's understanding that to date the Court does not regulate practice under Fed. R. Crim. P. 17(c). Counsel addresses the three factors set forth in the above paragraph in turn.

1). Counsel requests that the Court not require prior judicial approval for the issuance of subpoenas by retained counsel. Counsel is not asking that the subpoenas be served at Government expense, or that the Government in any way fund the acquisition of requested

---

[1] (c) PRODUCING DOCUMENTS AND OBJECTS.

(1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) Quashing or Modifying the Subpoena. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

(3) Subpoena for Personal or Confidential Information About a Victim. After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

materials. Further, counsel has been an attorney in good standing with this Court for eighteen years, and has never abused the subpoena process, which cuts against the need for judicial approval of subpoenas in this matter.

Additionally, no comparable local rule (LR), federal civil procedure rule, or AO Form 88B (civil subpoena duces tecum) requires court intervention prior to the issuance of subpoenas, indicating that civil practitioners are able to negotiate this part of their practice without court oversight. No facts suggest criminal practitioners should be subject to a different standard.

2). Counsel asks that, consistent with prior practice which has not been shown problematic, the Court specify that the requested documents be returned/produced to counsel's office.

3). Counsel requests that the Court not require counsel to provide produced documents to the United States Attorney. Defense counsel has no reciprocal right to inspect or receive documents the US Attorney subpoenas, and unless documents, etc., are provided in discovery, has no information about, and claims no right to know, what the US Attorney subpoenas during its various investigations. Allowing the Government to inspect documents produced pursuant to a defense subpoena would allow an unfair reveal of defense strategies. Nonetheless, counsel will continue to abide by the federal criminal procedure rules requiring the defense to disclose in discovery certain documents to the Government.

Counsel has purposefully not attached the prepared subpoenas here, nor gone into detail about what documents or information they seek, in the event this Motion is unsealed, and the Government given an opportunity to respond. Counsel respectfully requests that this not occur, but given the Court's discretion, in an effort to competently represent her client, counsel is not filing the subpoenas with this motion.

Further, in an effort to conserve the Court's, and the Mr. Hardy's, resources, counsel respectfully requests that the Court allow the issuance of subpoenas in this case without the need for a motion of this sort on every occasion a subpoena is requested.

## CONCLUSION

Counsel relies on the foregoing in support of her request that the Court direct the Clerk's Office to issue the requested subpoenas in this case.

Respectfully Submitted this 11th day of May, 2017

By:   /s/ Leah R. Wigren

Leah R. Wigren
Counsel for Delmar Hardy

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 11, 2017, she electronically filed under seal with the District of Nevada this Sealed Ex Parte Motion Requesting Court Direct Clerk's Office to Issue Subpoenas Prepared by Retained Counsel.

Leah R. Wigren /s/

Leah R. Wigren
Counsel for Delmar Hardy