UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:16-cr-00006-MMD-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DELMAR L. HARDY, | |
| Defendant. | |

Before the Court is Intervenor the State Bar of Nevada's ("State Bar") Request for Access to Discovery Documents ("Request"). (ECF No. 84.) The government does not oppose the State Bar's Request and proposes two alternative modifications to the Protective Order to permit access to discovery in this case. (ECF No. 94.) Defendant Delmar L. Hardy ("Hardy") opposes the Request, contending that there is no right of public access to discovery documents, there is a need to protect confidential information of third parties and redacting confidential information to permit access would be unduly burdensome. (ECF No. 92.) For the reasons discussed below, the Court grants the State Bar's Request.

Hardy is correct that pretrial documents not publicly filed are not public records that would generally be made accessible to the public. However, the State Bar is not an ordinary member of the public. Moreover, Hardy is essentially using the Protective Order as a shield to avoid responding to the State Bar's request for information addressed directly to Hardy. (*See* ECF No. 84 at 9, 11.) In seeking the issuance of the Protective Order, the government argues, and Hardy did not dispute, that the purpose of the

| | |
|---|---|
| 1 | Protective Order is to "protect that sensitive information [--'financial account numbers |
| 2 | and/or personal identification information'--] from disclosure, to avoid delay in the time it |
| 3 | will take to redact such information, to provide discovery with a lesser amount of |
| 4 | redactions, and in the effort to provide discovery in a timely manner." (ECF No. 22 at 2.) |
| 5 | The Court agreed with the need to protect sensitive information and with the proposed |
| 6 | means for doing so in an efficient and cost effective manner in granting the Protective |
| 7 | Order. The Court by no means intended for the Protective Order to be used to preclude |
| 8 | what appears to be a valid inquiry from the State Bar. Accordingly, the Protective Order |
| 9 | will be modified to permit access by the State Bar. |
| 10 | Hardy raises valid concerns about the expense of redaction of sensitive information |
| 11 | from the voluminous discovery records in this case. The Court finds that the government's |
| 12 | first proposed modification properly addresses the need for access by the State Bar and |
| 13 | Hardy's concerns about the cost of redaction. The Protective Order is therefore modified |
| 14 | to give the State Bar access to the information subject to the Protective Order. The State |
| 15 | Bar will be bound by the terms of the Protective Order, and must redact sensitive |
| 16 | information consisting of financial account numbers and personal identification information |
| 17 | from any material before using or disclosing the material in any proceedings. |
| 18 | It is therefore ordered that the State Bar's Request for Access to Discovery |
| 19 | Documents (ECF No. 84) is granted. The State Bar's access to discovery records will be |
| 20 | subject to the terms set forth in this Order and the Protective Order. |
| 21 | DATED THIS 24th day of August 2017. |

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE