UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>DELMAR L. HARDY,<br><br>Defendant. | Case No. 3:16-cr-00006-MMD-VPC<br><br>ORDER |

Before the Court is a Motion to Quash Subpoena Ad Testificandum and Duces Tecum ("Motion") filed by a third party, David Houston ("Houston"). (ECF No. 111.) The Court has reviewed Defendant Delmar L. Hardy's ("Hardy") response (ECF No. 117) and Houston's reply (ECF No. 121). For the reasons discussed below, the Court grants the Motion.

Trial in this case is set to begin on September 5, 2017. On August 10, 2017, Hardy served a subpoena ("the Subpoena") commanding Houston to testify in the trial and to bring the following information: "any and all documents Antonio S. Servidio aka Tony Servidio ["Servidio"], including legal matters, business matters, and investment matters." (ECF No.111-1.) Houston had represented Servidio in *United States v. Servidio,* case no 3:12-cr-081-LRH-VPC ("Servidio Case"). In the Servidio Case, Servidio pled guilty to count 3 of the superseding indictment. (Servidio Case, ECF Nos. 68, 28.) The government notified the Court that the Servidio Case is related to this case in that some of the charges

in both cases involve each defendant's alleged conduct in XYZ Real Estate LLC. (ECF No. 10.) Servidio will no doubt be called to testify at Hardy's trial.

Houston requests that the Court quash the Subpoena because compliance would result in disclosure of attorney-client communications and would be unreasonable given the Subpoena's broad scope, and Hardy fails to show why the information identified in the Subpoena is material. (ECF No. 111 at 2.) Hardy acknowledges that the Subpoena "makes a broad request for information about Mr. Servidio." (ECF No. 117 at 3.) However, Hardy insists that the Court should compel Houston to submit the responsive documents for the Court's *in camera* inspection because "[b]lanket assertions of attorney-client privilege in response to a subpoena duces tecum are strongly disfavored."[1] (ECF No. 117 at 3 (quoting *In re Grand Jury Subpoena Issued to Gerson S. Horn,* 976 F.2d 1314, 1318 (9th Cir. 1992).)

"The purpose of the attorney-client privilege is to protect every person's right to confide in counsel free from apprehension of disclosure of confidential communications." *In re Grand Jury Subpoena (Osterhoudt),* 722 F.2d 591, 593 (9th Cir.1983). In *In re Grand Jury Subpoena Issued to Gerson S. Horn*, the Ninth Circuit Court of Appeals addressed a subpoena duces tecum issued to an attorney with similar broad scope as the Subpoena. There, the offending subpoena requested in part "[a]ny and all records, papers and/or documents pertaining to financial transactions by, with, between or on behalf of [the named individuals and corporations], and/or any and all businesses associated with the above-named persons or entities, for the period of January 1, 1984, through the present." *Id.* at 1315. The court found that the subpoena "requests an almost unlimited amount of information, much of which falls squarely within the area of sanctuary created by the attorney-client privilege." *Id.* at 1318. The court further found that the subpoenaed attorney witness was not required to submit the responsive information for *in camera* review because "in the absence of any good faith effort by the government to draw a narrow and

---

[1] Hardy contends the Subpoena complies with Fed. R. Crim. P. 17(c) because the clerk's office issued it. (ECF No. 117.) But the clerk's office's responsibility is to verify that counsel complete the missing information on the required form, not determine that the proposed subpoena seeks relevant, admissible information. *See* Fed. R. Civ. P. 17(a).

2

lawful subpoena, [it] would constitute an unreasonable and undue burden upon the subpoenaed witness." *Id.* at 1319.

The Subpoena here contains admittedly "broad request for information" by asking for "any and all documents . . . , including legal matters." (ECF No. 111-1.) Because Houston only represented Servidio in the Servidio Case and had no other relationship with Servidio outside of that representation (ECF No. 121-1), the broad request for "all documents" would necessarily cover all attorney-client privileged information. The Court agrees with Houston that because Hardy failed to narrow the scope of the Subpoena to limit intrusion into the "sanctuary created by the attorney-client privilege," Houston should not be burdened with submitting responsive information for the Court's *in camera* review. Nor should this Court be burden with reviewing these documents on the verge of trial, particularly when Hardy made no apparent effort to "draw a narrow and lawful subpoena." *See In re Grand Jury Subpoena Issued to Gerson S. Horn,* 976 F.2d at 1319. For this same reason, the Court also declines to modify the Subpoena to exclude documents protected by the attorney-client privilege.

Finally, Hardy asks the Court to decline to quash the Supboena as to the ad testificandum, contending that *In re Grand Jury Subpoena Issued to Gerson S. Horn* is distinguishable because it only involved a subpoena duces tecum. (ECF No. 117 at 3.) The Court is not convinced that this distinction makes a difference here. Hardy does not demonstrate that Houston has relevant, admissible information based on his personal knowledge, and not based on information acquired through his attorney-client relationship with Servidio.

For these reasons, David Houston's motion to quash subpoena (ECF No. 111) is granted.

DATED THIS 1st day of September 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3