UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>DELMAR L. HARDY,<br><br>　　　　　　　　　　Defendant. | Case No. 3:16-cr-00006-MMD-VPC<br><br>ORDER |

## I.　SUMMARY

After a trial lasting about two weeks, the jury returned a verdict of guilt against Defendant Delmar L. Hardy ("Hardy") on four of the five counts charged in the Indictment— three counts of false tax returns and one count of corruptly obstructing or impeding due administration of the Internal Revenue laws. (ECF No. 176.) Hardy has filed two post-trial motions: (1) a renewed motion for judgment of acquittal (ECF No. 183); and (2) a motion for a new trial (ECF No. 184). After substitution of counsel, Hardy moved to supplement these two motions. (ECF Nos. 197, 198). The Court has reviewed the briefs relating to these motions. (ECF Nos. 183, 184, 185, 186, 187, 188, 197, 198, 206, 207, 208, 209.) For the reasons discussed herein, Hardy's motions are denied.

## II.　RELEVANT BACKGROUND

The Indictment charged conduct relating to two separate factual situations. The first situation involved a limited liability company, XYZ Real Estate, LLC ("XYZ"), formed in approximately July 2009. Hardy and Antonio Servidio were members with equal membership interests in XYZ and established XYZ to acquire real properties. Count Five

of the Indictment alleges that, between approximately December 2010 and November 2011, Hardy "did corruptly endeavor to obstruct and impede the due administration of the Internal Revenue laws by concealing A.S.'s contributions to, and taxable interests in, XYZ" and by "executing United States Income Tax Return, Form 1040, for each of tax years 2009 and 2010, showing on Schedule E the rental income and expenses incurred by XYZ as that of Hardy [sic] for each of those tax years." (ECF No. 1 at 8.)

The second situation involved Hardy's tax returns for three tax years. Counts Two through Four of the Indictment allege that Hardy made and subscribed false individual tax returns for tax years 2008, 2009 and 2010 in violation of 26 U.S.C. § 7206(1). (*Id.* at 4-8.) The Indictment further identifies the specific items that Hardy knew to be false. For example, Count Two alleges that Hardy's individual income tax return, specifically Form 1040, for the 2008 tax year identified Hardy's business income and adjusted gross income as a loss when he knew his business income was substantially greater and his adjusted gross income was substantially greater than a loss. (ECF No. 1 at 5.) Counts Three and Four relate to the 2009 and 2010 tax years and include additional allegations relating to Hardy's taxable income, total tax, and the rental income and expenses incurred by XYZ. (*Id.* at 5-6.)

### III.   RENEWED MOTION FOR JUDGMENT OF ACQUITTAL

#### A.   Legal Standard

The test for denial of a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 is the same as the test for reviewing a claim that the evidence is insufficient to support a conviction. *See, e.g., United States v. Tucker*, 641 F.3d 1110, 1118-19 (9th Cir. 2011); *United States v. Abner*, 35 F.3d 251, 253 (6th Cir. 1994). A criminal defendant's challenge to the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Jackson* requires a court, upon such a motion, to construe the evidence "in the light most favorable to the prosecution" to

///

///

determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis in original).

### B. Counts Two Through Four

Hardy contends that there was insufficient evidence to support the jury's verdict on Counts Two through Four because the government did not offer evidence to support the offenses charged and instead relied on a new offense not charged in the Indictment. (ECF No. 183 at 3-4.) Hardy insists that because the Indictment identifies specific line items on his individual tax returns, and the government's witness testified as to false gross receipts on Schedule C, the government effectively attempted to amend the Indictment. The government responds that the Indictment provides sufficient notice of the offenses. (ECF No. 185 at 4-5.) The Court agrees with the government.

The government is not required to state its theory of the case or allege supporting evidence in an indictment; rather, the government need only allege the "essential facts necessary to apprise a defendant of the crime charged." *United States v. Buckley,* 689 F.2d 893, 897 (9th Cir. 1982) (quoting *United States v. Markee,* 425 F.2d 1043, 1047-48 (9th Cir. 1970), *cert. denied,* 400 U.S. 847 (1970)).

For Counts Two through Four, the Indictment alleges that Hardy made and subscribed individual tax returns for tax years 2008, 2009 and 2010 in which "Hardy did not believe to be true and correct as to every material matter" in violation of 26 U.S.C. § 7206(1). (ECF No. 1 at 4-8.) These allegations provide sufficient notice as to the information that Hardy did not believe to be true but that was material to each tax return, particularly since Hardy filed amended tax returns in 2012 to correct the omission of substantial amounts of cash receipts from his 2009 and 2010 tax years. While the Indictment did not indicate that the gross receipt line items were false, the false information as to the gross receipts affected the information on the line items enumerated in the Indictment. Thus, the Court concludes that the Indictment sufficiently informs Hardy of the nature of the offenses charged in Counts Two through Four.

///

Construing the evidence in the light most favorable to the prosecution, the government offered sufficient evidence such that a rational juror could find the essential elements of the offenses charged beyond a reasonable doubt. Among the elements that the government must establish to support Counts Two through Four is that when Hardy filed an individual tax return for three tax years—2008, 2009 and 2010—he knew the returns contained false information as to a material matter. 26 U.S.C. § 7206(1). The government offered evidence to show that the false information relating to gross income was material and Hardy had knowledge that the returns contained such false, material information. First, there was ample evidence throughout the testimony of Brent Muhlenberg that the 2009 and 2010 returns were amended because of gross errors resulting from the omission of cash receipts and the same omission of cash receipts was made in connection with the 2008 returns.[1] Second, John Saccamano, an agent for the Internal Revenue Service, testified that the changes in gross income as a result of the omission of the cash receipts for the three tax years at issue would have a material impact on the IRS's calculation of Hardy's income. Finally, Patricia Mack testified that on a couple of occasions where she and Hardy would discuss the profit and loss statements, Hardy commented about how he made more money than all the attorneys combined. She testified that, in response, she pointed out to Hardy that the attorneys made more if they had counted the cash received. This evidence is sufficient for a rational juror to find that Hardy had knowledge that his returns for the three tax years at issue did not include the cash income of his law firm.

Hardy further argues that the Court's decision to exclude evidence of tax liability prejudiced him because the government was allowed to present evidence of income and total tax without Hardy being permitted to point out that the resulting tax liability was

///

///

---

[1] Muhlenberg testified that the 2008 returns were not amended because he erroneously assumed the statute of limitations had expired, and because the 2009 and 2010 returns were amended to reflect the changes with respect to XYZ.

minimal and therefore immaterial.[2] However, the Ninth Circuit has instructed that "whether there was an actual tax deficiency is irrelevant because the statute [section 7206(1)] is a perjury statute."[3] *United States v. Scholl,* 166 F.3d 964, 980 (9th Cir. 1999). In excluding evidence of tax liability, the Court had also agreed with the government that because actual tax liability is not relevant, permitting Hardy to offer evidence that the resulting tax liability was trivial would pose Fed. R. Evid. 403 concerns.

### C. Count Five

Hardy construes Count Five as alleging that "it was improper to attribute all of the rental income and expenses XYZ incurred to [] Hardy." (ECF No. 183 at 6.) Based on this construction, Hardy insists that there was no evidence that he was aware of the requirements relating to reporting of partnership interests or income and had relied on Muhlenberg to prepare his returns to reflect his interest in XYZ. (*Id.* at 7-8.) Hardy also contends that the government improperly expanded the charge in the Indictment to allege that a partnership return, Form 1065, should have been filed.

First and foremost, the Court agrees with the government that the Indictment is sufficient to give Hardy notice that the act of concealing Servidio's involvement—Servidio's "contributions to, and taxable interests in XYZ . . . by showing on Schedule E the rental income and expenses incurred by XYZ as that of Hardy"—was the act that "corruptly endeavor[ed] to obstruct and impede the due administration of the Internal Revenue laws." (ECF No. 1 at 8.) Again, the government is not required to include its theory or set forth what evidence supports the offense charged in the Indictment. *See Buckley,* 689 F.2d at 897.

///

---

[2] s the government correctly points out, the Court permitted Hardy to offer evidence to compare total gross receipts to cash receipts as well as evidence regarding the deductions and expenses omitted from the returns to show other errors that Muhlenberg had made. (ECF No. 185 at 6.)

[3] Hardy relies on *United States v. Uchimura,* 125 F.3d 1282, 1285 (9th Cir. 1997) to argue that "the lack of tax deficiency is relevant to a jury's determination of materiality." (ECF No. 183 at 5.) However, *Uchimura* involves whether the materiality is an element of a section 7206 offense and should be submitted to the jury.

1  Moreover, the government offered evidence that Hardy and Servidio were equal owners of XYZ, but Hardy claimed 100 percent of XYZ's income and expenses on his own personal returns. Servido testified that Hardy knew Servidio wanted to keep his name out of XYZ and Hardy told him the only way to protect Servidio was to keep Servidio as a silent partner in XYZ. Muhlenberg testified that Hardy told him to make sure the capital account for XYZ reflected Hardy and Servidio's equal ownership (i.e., a 50-50 split). However, when Muhlenberg asked Hardy for Servidio's social security number to prepare the K-1 form for XYZ, Hardy told Muhlenberg that Servidio did not want to be listed. Saccamano testified that the way Hardy's returns were filed failed to disclose Servidio's ownership in XYZ to the IRS, who would not know to look at XYZ in the event of an audit of Servidio. Viewing this evidence in the light most favorable to the prosecution, a rational juror could find that Hardy endeavored to obstruct and impede the due administration of the Internal Revenue laws. A rational juror could have found that while Hardy relied on Muhlenberg to complete the returns, Muhlenberg was following Hardy's instruction not to include Servidio's interest in XYZ on the returns.

## IV.  MOTION FOR A NEW TRIAL

### A.  Legal Standard

Pursuant to Federal Rule of Criminal Procedure 33(a), "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Although determining whether to grant a motion for a new trial is left to the district court's discretion, "it should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (citation and internal quotation marks omitted). Moreover, the defendant bears the burden of persuasion. *United States v. Endicott*, 869 F.2d 452, 454 (9th Cir. 1989). Such an extraordinary remedy is appropriate, for example, when a court makes an erroneous ruling during the trial and that, but for that erroneous ruling, the outcome of the trial would have been more favorable to the defendant. *See United States v. Butler*, 567 F.2d 885, 891 (9th Cir. 1978).

### B. Evidence of Net Worth

Hardy contends that the Court erroneously permitted the government to present a "net worth/expenditures method" of establishing taxable income without going through the procedure established in *Holland v United States,* 348 U.S. 121 (1954). (ECF No. 184 at 3.) The government responds that any evidence offered relating to Hardy's expenses and net worth (i.e., Hardy's income as claimed in his mortgage and credit card applications) was relevant as to Hardy's knowledge that his tax returns for the three tax years at issue showing zero taxable income were false. (ECF No. 186 at 4.) The Court agrees with the government. This evidence did not go to Hardy's taxable income and the government did not rely on it to demonstrate his taxable income. Instead, the government relied on other evidence—including Hardy's amended returns for the 2009 and 2010 tax years, Muhlenberg's testimony as to the omissions of cash receipts on these returns and Saccamano's testimony as to the cash income omitted on these returns—to establish Hardy's taxable income. Evidence of Hardy's expenses and claimed income was offered to show Hardy's knowledge that the income information on his returns was false.

### C. Reliance on Tax Professional Instruction

Hardy argues that the Court committed error in refusing to give the reliance on tax professional instruction as to Counts Two through Four based on the Court's finding that the evidence proffered at trial did not support giving this instruction. (ECF No. 184 at 5-7.) In particular, Hardy insists that the evidence showed that he provided all information to Muhlenberg and reasonably relied on Muhlenberg to determine what records were required to prepare accurate returns. The Court disagrees and finds it correctly declined to give this instruction.

In *United States v. Bishop*, 291 F.3d 1100, 1106 (9th Cir. 2002), the Ninth Circuit held that "a defendant claiming good faith reliance on the advice of a tax professional must have made full disclosure of all relevant information to that professional." Here, the Court found that the good faith reliance instruction did not apply to Counts Two through Four because there was no evidence that Muhlenberg had been given full and accurate

1  information about the cash income for the relevant tax years. The Court offered as
2  example that Muhlenberg was not given information showing cash income received or the
3  amount of cash income received before the returns at issue were filed because the cash
4  income was not in Quickbooks and Muhlenberg was not given the cash receipts before
5  the returns at issue were filed. Patricia Mack testified that she was given a box of cash
6  receipts and was told to get them to Muhlenberg after election night on November 6, 2012.
7  Moreover, there were testimonies, including from Hardy and Stephanie Rice, that Hardy
8  found a box of cash receipt books that were not provided to Muhlenberg, and Hardy
9  testified that this incident occurred in the summer of 2012. Those testimonies alone show
10 a lack of full disclosure of information about the cash income to Muhlenberg. The Court
11 again concludes that the evidence did not support giving the requested instruction.

## V. MOTIONS TO SUPPLEMENT

Hardy seeks leave to supplement his renewed motion for judgment of acquittal and motion for a new trial to assert additional grounds relating to Count Five based upon *Marinello v. United States* (No. 16-1144). (ECF Nos. 197, 198.) The government opposes Hardy's motions. The Court agrees with the government.

There is no dispute that the motions to supplement were filed long after the deadline for filing post-trial motions—fourteen days—had expired. Fed. R. Crim. P. 29(c)(1); Fed. R. Crim. P. 33(b)(2). Hardy has not presented good cause to extend the deadline to permit supplementations to raise arguments unrelated to the two post-trial motions that were timely filed. While Hardy substituted new counsel in place of Joseph Low,[4] the government correctly points out that Hardy's other attorneys, Leah Wigren and Steven Wilson, continue to represent Hardy. Ms. Wigren has been extensively involved in filing pretrial motions and post-trial motions. Based on the Court's observations, Mr. Wilson attended the majority of the trial, was involved in presenting arguments as to the jury instructions, and appeared

///

---

[4] The jury returned a verdict on September 22, 2017. (ECF No. 176.) Hardy filed the motion to substitute counsel about two months later on December 19, 2017. (ECF No. 191.)

8

1 | to consult with Mr. Low throughout the trial. Moreover, the proposed supplementations are
2 | based on *Marinello*, but the Supreme Court granted the petition for certiorari in *Marinello*
3 | on June 27, 2017, over two months before the start of trial. That Hardy's team of attorneys
4 | and former counsel may not have been aware of the Court granting the petition in *Marinello*
5 | does not excuse Hardy's delay. Under these circumstances, the Court finds that Hardy
6 | has not established good cause to reopen the briefing on the post-trial motions.

Moreover, even setting aside the delay in bringing the motions to supplement, the Court agrees with the government that the proposed supplements do not warrant reopening the briefing. Hardy's arguments are grounded on how the Supreme Court might rule in *Marinello*, but the trial, including the jury instructions given and the Court's rulings, proceeded based on binding Ninth Circuit case law existing at the time. Hardy cites to no authority to support his request that the Court should permit a defendant to raise arguments based on anticipated rulings in a case pending before the Supreme Court after the jury returned a verdict of guilt. Nor does Hardy offer any authority to support that *Marinello* should be applied retroactively in the event the Supreme Court were to change the essential elements of a section 71212(a) offense.

For these reasons, Hardy's motions to supplement (ECF No. 197, 198) are denied.

**VI.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Hardy's motions.

It is therefore ordered that Hardy's renewed motion for judgment of acquittal (ECF No. 183), motion for a new trial (ECF No. 184) and motions to supplement (ECF Nos. 197, 198) are denied.

DATED THIS 7th day of February 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE